UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANUEL CUSTODIO,

    Petitioner,

-vs-                                                      Case No.  8:17-cv-1963-T-02SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

      Mr. Custodio, a Florida inmate, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on August 13, 2017 (Doc. 1). Respondent moves to dismiss the petition as time barred (Doc. 7), which Mr. Custodio opposes (Doc. 14). Upon consideration, the motion to dismiss will be GRANTED.

**Procedural Background**

      On September 16, 2010, Mr. Custodio was convicted of trafficking in hydrocodone and sentenced to 25 years in prison (Respondent's Exs. 1, 2). The conviction and sentence were affirmed on appeal (Respondent's Ex. 3). The United States Supreme Court denied certiorari on April 15, 2013 (Respondent's Ex. 4).

      On April 15, 2014, Petitioner filed a petition alleging ineffective assistance of appellate counsel (Respondent's Ex. 5), which was denied on June 10, 2014 (Respondent's Ex. 6). On July 15, 2014, he filed a motion for post-conviction relief under Florida Rules of Criminal Procedure, Rule 3.850 (Respondent's Ex. 7). The motion was denied (Respondent's Ex. 8) and affirmed on appeal (Respondent's Ex. 9). The appellate court's mandate issued on March 21,

1

2017 (Respondent's Ex. 10).

**Discussion**

Respondent moves to dismiss the petition as time barred under 28 U.S.C. § 2244(d), arguing that more than one year passed after Mr. Custodio's judgment became final.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

Mr. Custodio's conviction became final for purposes of the AEDPA on April 15, 2013, when the Supreme Court denied certiorari. *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001). Three hundred sixty-four (364) days of the AEDPA limitation period elapsed before it was tolled by Mr. Custodio's April 15, 2014 petition alleging ineffective assistance of appellate counsel. The limitation period remained tolled until the petition was denied on June 10, 2014, and expired the next day, June 11, 2014. Mr. Custodio, therefore, had until June 11, 2014, to file a federal habeas petition. He did not file his petition until August 2017 (Doc. 1).[1] The petition is therefore untimely. Accordingly, his petition is time barred unless he can

---

[1] Mr. Custodio's July 15, 2014 Rule 3.850 motion did not serve to toll the limitation period because it was filed after the AEDPA limitation period elapsed. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state court petitions must be 'pending' in order to toll the limitations period. A state court petition like [Mr. Custodio]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

demonstrate the applicability of equitable tolling, *see Holland v. Florida*, 560 U.S. 631, 645 (2010), or that he is actually innocent of the crime for which he was convicted. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Mr. Custodio does not contend that he is actually innocent of the crime for which he was convicted. He does, however, assert entitlement to equitable tolling.

The limitation period under § 2244(d) is subject to equitable tolling. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). Equitable tolling only applies, however, where the litigant satisfies his burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006) (petitioner must show both extraordinary circumstances and diligence).

Mr. Custodio contends that he is entitled to equitable tolling because: 1) he has no formal legal education; 2) he had inadequate access to assistance from prison law clerks; 3) he was told that his petitions for a writ of certiorari and a writ of habeas corpus alleging ineffective assistance of appellate counsel would toll the AEDPA's limitation period; 4) he was prevented from "effectively" filing "legal pleadings" because he was "transferred multiple times for medical reasons"; and 5) law clerks advised him that the AEDPA did not apply to him because he was neither a terrorist nor under a sentence of death.

Mr. Custodio has failed to demonstrate that some extraordinary circumstance prevented him from filing a timely federal habeas petition. His lack of legal training and general

3

ignorance of the law are not extraordinary circumstances warranting equitable tolling. *Perez v. Fla.*, 519 F. App'x 995, 997 (11th Cir. 2013) (per curiam) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."). Limited access to prison law clerks likewise is not an extraordinary circumstance. *Gonzalez v. Sec'y, Fla. Dep't of Corr.*, 2018 WL 2100043, at *3 (M.D. Fla. May 7, 2018) (lack of access to inmate law clerks not an extraordinary circumstance justifying equitable tolling). To the extent Mr. Custodio alleges that he did not know that the AEDPA limitation period applied to him because he was told otherwise, "*pro se* litigants 'are deemed to know of the one-year statute of limitations.'" *Perez*, 519 F.App'x at 997 (quoting *Outler v. United States*, 485 F.3d 1273, 1282 n. 4 (11th Cir.2007)). And his vague and unsupported allegation that multiple transfers for medical reasons prevented him from timely filing "legal pleadings" is insufficient to warrant equitable tolling. *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely filing of the petition, does not establish extraordinary circumstances."). Finally, both his petition for writ of certiorari and petition alleging ineffective assistance of appellate counsel tolled the AEDPA limitation period.

In sum, Mr. Custodio has failed to satisfy his burden of showing circumstances that would justify the application of equitable tolling in this case. Accordingly, his petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as time barred. The Clerk shall enter judgment against Mr. Custodio and close this case.

**Certificate of Appealability**

A certificate of appealability will issue only if the Petitioner makes "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster*, 199 F.3d at 1257 n. 2 (dismissal of habeas petition as time-barred is procedural). Mr. Custodio cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on March 23, 2020.

   ___s/William F. Jung_____
      WILLIAM F. JUNG
   United States District Judge

SA: sfc
Copies to: Manuel Custodio, *pro se*; Counsel of Record